NEW-YORK, May, 1806.

The People v. Duncan.

## The People, at the relation of Cunningham, *against* Duncan.

A suit had been commenced, at the instance of *William Cunningham*, on an administration bond. The present defendant and *Cunningham* were co-sureties for *James Mavor*, in the bond taken by the Surrogate, on granting administration to *Mavor*, on the estate of *Robert W. Halstead*, deceased. The bond is in the usual form, conditioned, among other things, to make and file an inventory of the goods, chattels and credits of the deceased, with the surrogate, within six months, in the manner prescribed by the act.* The administrator neglected to file the inventory within the time, and the suit was brought for the breach of the condition. It appeared by the affidavit of the defendant, that *Mavor* was absent from the state, and was expected to return soon ; and that *Cunningham* was not a creditor of *Halstead*.

A surety in an administration bond cannot maintain an action against his co-surety for a default in the principal, if such surety has not been damnified, even tho' he be a creditor. If the right of suing on the administration bond is abused, this court will interfere and set aside the proceedings.

* Laws of N. Y. Vol. 1, page 320.

*Boyd*, for the defendant, moved to set aside the proceedings in this cause. He said, that as the *relator*, *Cunningham*, was a co-surety with the defendant, no suit could be maintained by him,† not even if he were a creditor. But the plaintiff is not a creditor. He merely swears that he is a creditor of *Halstead & Co.* of which firm he was a partner. If *Duncan* has interfered with any property belonging to *Cunningham*, he is liable

† Canterbury *v.* House, *Cowper,* 140.

Vol. I.                              s s

NEW-YORK, May, 1806.

The People v. Duncan.

in a different action. The co-obligor cannot maintain an action against his co-surety unless he has paid the money, and then only for a contribution. This is a vexatious suit. The bond is for fifteen thousand dollars, and the defendant has been held to bail to that amount.

*Woods*, contra.

*Per curiam.* This court, if they see that the right of suing on the administration bond is abused, will interfere; and set aside the proceedings. Here one surety on the bond, brings an action against his co-surety, for an alleged default in the administrator, before he, or either of them has been damnified in any way, *as surety*. No suit will lie at law, at the instance of a co-surety in such a case.

The proceedings must be set aside, with costs.

Rule granted.