Cowen, J.
Since the 2 R. S. 336, 2d ed., the right to a recovery for mesne profits in any other form than by suggestion within one year, as there prescribed, is taken away. (Jackson v. Leonard, 6 Wend. 534; Broughton v. Wellington, 10 id. 566.) This, however, must be understood of mesne profits strictly, the right to which results from the recovery in the action of ejectment. The original entry is still the subject of an action of trespass; and so are mesne profits, where the plaintiff obtains possession without suit. The statute must, moreover, be restricted to cases where the claim for mesne profits is against the same person or persons who were made defendants in the ejectment suit; such as would be concluded by the recovery in that suit. (See 3 R. S. 709, original note to § 41.)
It follows that, if the plaintiff was in possession, the verdict *331 for nominal damages on the issue of fact would have been right, had this action been against Zalmon Tousey alone. The verdict was intended, I suppose, of the original entry. Others being joined with him, it was right for an additional reason, and might properly have been taken on the first as well as upon the second and third counts, for the mesne profits, as well as damages for the entry.
The plaintiff’s possession was sufficient. The general rule is that, to sustain an action of trespass quare clausum fregit, the plaintiff’ must show that he was in the actual possession of the land when the trespass was committed. (Campbell v. Arnold, 1 John. Rep. 311.) Indeed, the law seems to hold that the rule is inflexible; and instead of making an exception, the plaintiff is in certain cases adjudged to be in actual possession contrary to the truth. One instance is, ownership of the land which no one possesses, but which is wild and uncultivated. Of this, it is generally said, the owner has a constructive possession. He has more in contemplation of law. To his present right of possession, the law annexes, as in the like case of goods, the actual possession, for the purposes of the remedy. In the more usual phrase, the ownership draws to itself the actual possession. (Kent, Ch. J. in Jackson v. Sellick, 8 John. 270; Van Rensselaer v. Van Rensselaer, 9 id. 377, 381; Wickham v. Freeman, 12 id. 183; Van Rensselaer v. Radcliff, 10 Wend. 639, 652, 3: Davis v. Clancy, 3 McCord, 422; Cannon v. Hatcher, 1 Hill’s S. Car. Rep. 260; Hannah v. Dansby, 2 id. 466; Mather v. Trinity Church, 3 Serg. & Rawle, 513, 514; Proprietors of Kennebeck v. Call, 1 Mass. Rep. 483, 4; Kennedy v. Wheatly, 2 Hayw. 402; Smith v. Wilson, 1 Dev. & Batt. 40.) Another case is, where the owner, having been ousted by another and kept out for a length of time, is by entry or ejectment finally restored. In such case the law adjudges that his possession was never discontinued. (3 Bl. Com. 210; 1 Chit. Pl. 162, Am. ed. of 1828; Case v. Shepherd, 2 John. Cas. 27; Morgan v. Varick, 8 Wend. 587; Dewey v. Osborn, 4 Cowen, 329.) The authorities extend the rule to an owner who never had any possession till his entry or recovery. (1 Chit. Pl., ut su *332 pra.) It is said that here, by the plaintiff’s own showing, he never was in actual possession; and that Clark, who claimed under the plaintiff, held the exclusive possession. The answer to this objection is found in the ejectment suit and recovery" by the plaintiff against Zalmon Tousey. The plaintiff showed a right of possession at the fine when Clark went in under his contract. This right continued to the time of the recovery and' re-entry. It follows as a presumptio juris et de jure, that the plaintiff was all along in actual possession according to his right. His actual possession acquired by ejectment or entry relates to the time when his title was acquired, not only as against the defendant in the ejectment, but all other wrongdoers.. (See Chirac v. Reinicker, 11 Wheat. 280, 296, 7.) None of the defendants except Zalmon Tousey would be concluded by the ejectment, on the- question of title. I now speak on the assumption that the plaintiff’s title was shown independently of the ejectment. It was so. The contract of sale to Clark did not divest it. The recovery and entry was by the plaintiff according to his title; and he must be considered as having been in possession for the whole length of time during which his title continued.
Walter Tousey, though found not guilty as to the trespasses in the first count, had demurred to the second and third. He could not by such a course deprive the plaintiff of a right to assess contingent damages against him on the second and third counts, the truth of which he had constructively confessed. Suppose he had given a cognovit as to these. The demurrer, if decided against him after an assessment of contingent damages, comes to the same thing. This is not like the case of Packard v. Hill, (7 Cowen, 434,) where the plaintiffs were nonsuited as to the issue, and so the whole cause was out of court except as to the demurrers. In such case there is nothing left to which a venire is adapted. It cannot stand on a demurrer only. In the principal case, the issue remained as to the other defendants, though Walter was acquitted. Both the principal, thing, the issue, and the incident, the right to assess contingent damages, remained, according to the distinction laid down in the case cited.
*333 The demurrer in this case is not well taken for the reasons already given. The plaintiff may bring his action for mesne profits as formerly in all cases, if he will confine himself to the original trespass. So where he desires to join others with the defendant in the ejectment. In the first case, it does not follow that he must fail because he adds a claim for mesne profits. He may waive this; and the trial would seem to be the proper pla.ce for limiting the recovery. Suppose the plaintiff chooses there to say nothing of the ejectment, but merely to prove his former actual possession, and that the defendant ousted him; thus making out a cause of action independently of the ejectment. Is it then competent for the defendant to show the ejectment in bar? Besides, who can say that the plaintiff, under such a count, will not show some trespass prior to and entirely distinct from the ouster of which the declaration in ejectment was intended. There may have been repeated ousters and re-entries in pais, by which the common count for mesne profits may be satisfied in all its claims without proof of an ejectment. The count often says nothing about an ejectment. The second count here does not even allude to a suit; nor does the third perhaps in such a way as entitled the defendants to assume that one had been brought and carried through, go that a suggestion on the record could have been made. Surely the statute cannot mean to cut off the owner from all remedy in those cases Avhere he gets possession without judgment, perhaps Avithout suit. The demurrers are therefore open to the additional objection taken on the argument, that they want a case upon which to operate. They are obliged to aver, or assume matter not apparent on the face of the counts. They are speaking demurrers. The case of Jackson v. Leonard, (3 Wend. 534,) in saying that the action for mesne profits is abolished, and setting it aside as irregular, must, therefore, as we have seen, if such a practice be admissible at all, be taken with various qualifications. Mesne profits, within the meaning of the statute, are those which are received intermediate the original entry and the restoration of possession. They are such Avhereto the right is created by an action of ejectment brought and actually carried into judgment; not damages which accrued *334 anterior to or at the instant of the ouster. The statute derogates in some measure from the plaintiff’s right, and should be construed strictly. The suggestion must be filed within a year after the judgment is docketed—a very short limitation: and if the judgment be in a court of common pleas, embarrassments may arise from the remedy being confined to a suggestion in that court.
It seems to me, however, that the learned judge erred in overruling the offer to prove title in Walter Tousey. One of the pleas was of freehold in him; that he entered and occupied in his own right, and the other defendants as his servants. The recovery in the ejectment was, I admit, conclusive against Zalmon, from the 12th of April, 1831, the date of the plaintiff’s possession laid in the declaration. This answers to the day of demise in the old form, and, in proceeding either by suggestion or action, has the effect to conclude the defendant from that time forward upon the question of title. Zalmon was, however, the sole defendant. I do not perceive that the others were shown to have claimed as his servants, or by title derived from him after the ejectment was brought. Be this as it may, however, Phebe and Eliza, as well as Walter, had a right to controvert such a case, by showing that in fact Walter had the title to the land, and the two former acted as his servants. This would have constituted a perfect defence as to them against the first count. The ejectment suit was res inter alios acta. It was not competent for the plaintiff and Zalmon to try and settle the question of title in regard to the other defendants behind their backs. Nor does it matter as to Walter that he was a witness on the trial of the ejectment, and attempted to make out a defence for Zalmon. Walter was not a defendant, and had no standing in court. The ruling therefore that the recovery was conclusive upon all the defendants, was giving to the record an effect against three persons Who were neither parties nor privies. They were strangers. (Chirac v. Reinicker, 11 Wheat. 280, 296, 7.)
Upon this last ground, I am of opinion there should be a new trial, the costs to abide the event.
*335 Nelson, Ch. J.
I agree that, in cases where other persons besides the defendant or defendants in the ejectment are jointly liable to the plaintiff for the mesne profits, an action of trespass may be brought in the usual way, notwithstanding the revised statutes. (2 R. S. 236, §§ 43 to 54.) The provision for a remedy in the form of a suggestion upon the record must he confined to cases where the claim is sought to he enforced only against the defendant in the ejectment. If others are jointly liable with him, we must either allow him to be included in the suit, or drive the plaintiff to the inconvenience and expense of substantially two distinct suits, where the matter in controversy might as well be disposed of in one.
But where third persons are thus included, the record of the recovery in the ejectment suit is no evidence of title as against them, unless it appear that they claimed possession as the servants of the defendant in the ejectment, or by title derived from him after it was commenced, or that they entered into the possession afterwards. (11 Wheat. 296, 7; 3 Camp. 455; 7 T. R. 108.) It is not even evidence against the defendant in the ejectment, where the plaintiff seeks to recover damages beyond the time of the demise. (Bull. N. P. 87; Saund. Pl. and Ev. 669; Aslin v. Parkin, 2 Burr. 668.) (a)
I am of opinion, therefore, that the record of the ejectment suit between the plaintiff and Zalmon Tousey, so far from being conclusive evidence against the other defendants, was no evidence at all in respect to them, on the question of title; and that the learned judge erred in rejecting the evidence offered at the trial.
Whether the plaintiff has included in his assessment of contingent damages, the costs and expenses of the ejectment suit, does not perhaps distinctly appear; no such point having been made in the course of the trial. It is quite clear that the allowance would be erroneous, inasmuch as the costs of the ejectment *336 constitute no part of the legitimate damages to be recovered against those who were not parties to that suit.
I ao-ree also that the demurrers of the several defendants are © not well taken. They each include two counts, viz. the second and third; and the second count makes no allusion to the action of ejectment, or to the costs and expenses therein. If one of the counts be good, as the demurrers are to both, the plaintiff is entitled to judgment.(a)
Besides, even as respects the third' count, though we should concede that it alleges consequential damages which do not result legitimately from the acts of all the defendants, this is not ground of demurrer. If these damages are sought to be recovered at the trial, the defendants may then object to the evidence. This point was decided by the court a few terms since, though I do not find it reported.1
The plaintiff is entitled to judgment on the demurrers, and a new trial should be granted for the error of the circuit judge in holding that the record of the. ejectment suit was conclusive evidence of title as against all the defendants.
Ordered accordingly. •

 See 2 Phill. Ev. 315, 316; Comen & Hill’s Notes to Phill. Ev. 814; id. 849.

 But see note (a) to Hinde v. Gray, (1 Mann. & Gran. 202;) also Briscoe v. Hill, (7 Land. Jur. 306, 7.)